MARTIN, Circuit Judge,
dissenting:
In this excessive-force case, the Defendants moved for summary judgment, arguing they are entitled to qualified immunity. As is common in these cases, the Plaintiff, Daniel Teal, and the Defendants paint starkly different pictures of what happened between them. The District Court recognized that, on summary judgment, it must “accept the Plaintiff[’s] version of the facts and draw all justifiable inferences in [his] favor.” Fils v. City of Aventura, 647 F.3d 1272, 1287 (11th Cir.2011). Following this principle, the District Court accepted the version of the facts described by Mr. Teal. In reversing, the majority rejects *824 Mr. Teal’s version of the facts. I respectfully dissent.
I will not restate the facts in detail. I agree with the majority’s statement, except on the most relevant point. That point — the key question on which this appeal turns — is whether, after he fell to the ground, Mr. Teal signaled to the Defendants that he had surrendered, stopped fleeing, stopped resisting, and was no.longer a threat. If he did, the majority seems to agree that the District Court was right to deny qualified immunity. See Panel Op. at 5-6.
The Defendants testified that Mr. Teal gave no such sign. They said he continued to resist after he fell to the ground in these ways: trying to stand up; struggling while they attempted to handcuff him; and refusing their commands to put his hands behind his back and instead lying on top of his arms. The majority insists Mr. Teal has adduced no evidence rebutting this testimony. It says it can find “no evidence at all that [Mr. Teal] signaled in any way to the officers that he had surrendered and that he was no longer resisting and no longer a threat.” Id.
But the evidence to that effect is, well, evident. Mr. Teal testified that after he fell to the ground, he was “flat on [his] stomach,” “was stunned,” “couldn’t move,” and could not get up. As for his hands (and, literally, by extension, his arms), Mr. Teal testified that while he was lying flat on his stomach, his hands were “behind [his] back on his side,” and were “never” “underneath [his] chest.” Trial Tr. vol. 2, 239-40, Feb. 7, 2008.
Mr. Teal’s testimony and that of the Defendants are in direct conflict. The Defendants say he tried to stand up; Mr. Teal says he could not get up. The Defendants say he struggled and resisted their efforts to handcuff him; Mr. Teal says he was stunned and couldn’t move. The Defendants say he refused their commands to put his hands behind his back; Mr. Teal says he was lying on his stomach and his hands were behind his back and never underneath him.
Given this conflict, at the summary judgment stage of the proceedings our precedent compels us to “draw all justifiable inferences in [Mr. Teal’s] favor.” See Fils, 647 F.3d at 1287. Specifically, we must accept Mr. Teal’s story — that he had surrendered; he had stopped fleeing; he had stopped resisting; he was no longer a threat; and his actions (or inactions, as the case may be) would have conveyed as much to the Defendants or any other reasonable police officer. Mr.. Teal’s statement that he “was stunned,” “couldn’t move,” and could not get up seems to me to demand an inference that he had surrendered and was no longer trying to flee. Accepting his version of the facts, the inference must be that Mr. Teal was no longer a threat. If a person is on the ground, stunned, and can neither move nor get up, how can he flee? How can he pose a threat? How can he do anything but surrender? Likewise, if he was lying “flat on [his] stomach,” and his hands were “behind [his] back” and “never” “underneath [his] chest,” does that not demand an inference that he complied with the Defendants’ commands to place his hands behind his back?
This is a quintessential factual dispute. Plaintiff says the struggle happened one way; the Defendants say it happened another way. The District Court properly recognized that we are not in the business of settling disputes like this on summary judgment. As the Supreme Court has said time and again: “it is clear ... that at the summary judgment stage the judge’s function is not himself to weigh the evidence and determine the truth of the matter.” Anderson v. Liberty Lobby, Inc., 477 U.S. *825 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986) (emphasis added). In reversing, the majority faults the District Court for refusing to do what the Supreme Court has forbidden — weigh evidence on summary judgment.
I recognize that when faced with the choice, most people are inclined to believe the story told by several police officers rather than by a felon who fled a DUI checkpoint, led the police on a high-speed chase, careened off the road, and continued to flee on foot. But countless qualified-immunity cases pit upstanding state actors against convicts. And just as in any other case, on summary judgment we must accept the plaintiffs facts and draw reasonable inferences in his favor. See Fils, 647 F.3d at 1287.
Of course, this does not mean that Mr. Teal’s story is right. See Cottrell v. Caldwell, 85 F.3d 1480, 1486 (11th Cir.1996) (“[W]hat [are] considered to be the ‘facts’ at the summary judgment stage may not turn out to be the actual facts if the case goes to trial....”). Neither does it mean that Mr. Teal will ultimately succeed at trial. He still must persuade a fact-finder to believe his story. And if he cannot, the police officers may then be entitled to qualified immunity. See Kelly v. Curtis, 21 F.3d 1544, 1546 (11th Cir.1994) (“[A] defendant who does not win summary judgment on qualified immunity grounds may yet prevail on those grounds at or after trial on a motion for a judgment as a matter of law.”). But trial, not summary judgment, is the time to decide whose story is right. The majority may be betting on the favored horse, but we must let them run the race before crowning the winner.
It deserves mention that there is an even simpler way to correctly decide this case. Even if the majority disagrees with the way I have interpreted Mr. Teal’s facts or with the inferences I have drawn in his favor, we need not conduct our own review of the facts. The Supreme Court has authorized us to simply “take, as given, the facts that the district court assumed when it denied summary judgment.” Johnson v. Jones, 515 U.S. 304, 319, 115 S.Ct. 2151, 2159, 132 L.Ed.2d 238 (1995). We may then anályze the legal issue (i.e., whether the Defendants are entitled to qualified immunity) based on the facts as the District Court saw them. See id.
Taking this route would be appropriate here. The District Court’s order was laudably comprehensive. It identified but rejected the Defendants’ facts. It then identified Mr. Teal’s facts and explained that it was required to accept the latter as true and draw inferences in Mr. Teal’s favor. At each step, the District Court’s findings were amply supported by the record. Indeed, the Defendants failed in their briefing on appeal to explain why the District Court’s findings of fact were unsupported. The Defendants simply stated their own version of the facts, without ever confronting the District Court’s findings or arguing they were incorrect.
Despite our clear authority to accept the facts found by the District Court, id., and our usual practice of “affirming] a district court’s decision ... for any reason supported by the record,” Watkins v. City of Montgomery, Ala., 775 F.3d 1280, 1289 n. 5 (11th Cir.2014), the majority ignores Johnson and disregards facts favorable to Mr. Teal, all with the result of reversing the District Court’s denial of qualified immunity. The District Judge did careful work here, and followed the precedent. He should be affirmed.
I therefore respectfully dissent.